An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

BRYAN CLAY,
Petitioner,
vs.
THE EIGHTH JUDICIAL DISTRICT
COURT OF THE STATE OF NEVADA,
IN AND FOR THE COUNTY OF
CLARK; AND THE HONORABLE
WILLIAM O. VOY, DISTRICT JUDGE,
Respondents,
    and
THE STATE OF NEVADA,
Real Party in Interest.

No. 62770

FILED

MAY 07 2015

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
   DEPUTY CLERK

*ORDER DENYING PETITION*

This original petition for a writ of mandamus or prohibition challenges a juvenile court order unsealing and releasing petitioner Bryan Clay's juvenile records. A writ of mandamus is available to compel the performance of an act which the law requires as a duty resulting from an office, trust or station, NRS 34.160, or to control an arbitrary or capricious exercise of discretion, *Round Hill Gen. Improvement Dist. v. Newman*, 97 Nev. 601, 603, 637 P.2d 534, 536 (1981). A writ of prohibition may issue to arrest the proceedings of a district court exercising its judicial functions, when such proceedings are in excess of the jurisdiction of the district court. NRS 34.320. Neither writ will issue if petitioner has a plain, speedy and adequate remedy in the ordinary course of law. NRS 34.170; NRS 34.330. Petitions for extraordinary writs are addressed to the sound discretion of the court. *State ex rel. of Dep't Transp. v. Thompson*, 99 Nev. 358, 360, 662 P.2d 1338, 1339 (1983).

15-14041

Clay stands accused of two murders and related offenses for which the State is seeking the death penalty. To facilitate the prosecution of those offenses, the State filed a broad motion in the juvenile court pursuant to NRS 62H.030 and NRS 62H.170 seeking to unseal and release Clay's juvenile records. The State asserted it would use the information gathered to issue subpoenas to persons who had relevant testimony. Clay opposed the motion, arguing that the State could not inspect his juvenile records in order to use them against him in a subsequent criminal prosecution. In this, he relied on an unpublished order of this court concluding that NRS 62H.170(2)(c) does not allow the juvenile court to unseal a defendant's juvenile records so that the State may obtain information that will be used against him in subsequent criminal proceedings. Clay also argued that, even if the records could be unsealed, NRS 62H.030(2) did not permit their release because the State failed to articulate a legitimate interest in the records.

At a hearing on the motion, however, both parties retreated from the arguments made in the pleadings. The State agreed that the records would not be used in the guilt phase of the prosecution, and Clay conceded that, pursuant to statute, the records could be used in the penalty phase. In support of his concession, he and the juvenile court referred to an unspecified statute—presumably NRS 62H.170(3)—allowing the use of sealed juvenile records for sentencing purposes for persons up to age 25. The juvenile court orally ruled that the records could be released at any time during the proceedings and granted the State's motion. Without citing to authority, the juvenile court entered a written order allowing the unsealing and release of his juvenile records. The written order appears to be broader than the court's oral ruling

because it unseals and releases the records "for use in the prosecution." However, in light of the concessions made during the hearing, it appears that the juvenile court's written order authorizes the unsealing and release of records solely for use at the penalty phase of the prosecution. This writ petition followed.

Clay contends that the juvenile court erred by unsealing and releasing his juvenile records because neither NRS 62H.170(2)(c) nor NRS 62H.170(3) allows the release of his records in his pending criminal prosecution. Because Clay conceded below that his sealed juvenile records could be used for sentencing purposes in his pending capital prosecution, the juvenile court did not address the issue presented in this writ petition. Given Clay's concession and the apparent limitation on the use of those records to the penalty hearing, he cannot demonstrate that the juvenile court manifestly abused its discretion by unsealing and releasing his juvenile records. Accordingly, we

ORDER the petition DENIED.

_____, C.J.
Hardesty

_____, J.          _____, J.
Parraguirre                                      Douglas

_____, J.
Pickering

cc: Hon. William O. Voy, District Judge, Family Court Division
Patti, Sgro & Lewis
Christopher R. Oram
Attorney General/Carson City
Clark County District Attorney/Juvenile Division
Clark County Public Defender
Eighth District Court Clerk

CHERRY, SAITTA and GIBBONS JJ., agree, dissenting:

For the reasons set forth in the opinion filed by the panel on November 27, 2013, we would grant the petition.[1]

_____, J.
Cherry

_____, J.
Saitta

_____, J.
Gibbons

---

[1]The opinion was recalled by the en banc court on June 23, 2014.